# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* DEREK CASADY, an individual; and NANCY CASADY, an individual,<br><br>Plaintiffs,<br>vs.<br><br>AMERICAN INTERNATIONAL GROUP, INC., a Delaware Corporation, et al.,<br><br>Defendants. | CASE NO. 10cv431-GPC(MDD)<br><br>**NOTICE AND ORDER PROVIDING TENTATIVE RULINGS REGARDING PENDING MOTIONS TO DISMISS**<br><br>[Dkt. Nos. 112, 113.] |

Currently pending before the Court, and set for hearing on Friday, March 21, 2014, are two motions to dismiss Realtors Derek and Nancy Casady's Second Amended Complaint ("SAC"), alleging violations of the False Claims Act, 31 U.S.C. §3729, *et seq*.(Dkt. Nos. 112, 113.) Having considered the submissions of the parties, and in anticipation of Friday's hearing, the Court hereby issues the following tentative rulings:

The Court tentatively GRANTS the motion to dismiss filed by Defendant American International Group, Inc. ("AIG") and joined by the other Defendants. (Dkt. No. 112.) The Court is tentatively prepared to find that the Casadys have again failed to demonstrate by a preponderance of the evidence that their allegations are not "based

1  upon" publicly disclosed information. In particular, the FCA's public disclosure
2  jurisdictional bar is raised by the public disclosure of the material elements of the
3  allegedly fraudulent transaction, and not merely by public disclosure of specific
4  allegations of fraud. A-1 Ambulance Serv., Inc., 202 F.3d at 1243; see also U.S. ex rel.
5  Foundation Aiding the Elderly v. Horizon West, 265 F.3d 1011, 1016 (9th Cir. 2001)
6  ("Even if the above *allegations* did not specifically identify the fraud at issue, the
7  action may still be barred if some disclosures revealed the *transactions* underlying the
8  fraud.") (emphasis in original). The Court is prepared to find that the Relators have not
9  demonstrated that the transactions underlying the fraud they allege has not been
10 publicly disclosed.

11         In addition, the Court is prepared to find that the Casadys have failed to
12 demonstrate that they are the "original source" of information for their allegations
13 within the meaning of 31 U.S.C. § 3730(e)(4)(B). As set forth in the Court's previous
14 Order dismissing Realtors' First Amended Complaint, third party sources do not satisfy
15 the "original source" requirement. See U.S. ex rel. Devlin v. State of Cal., 84 F.3d 358,
16 360 (9th Cir. 1996) (holding the relators' knowledge was not direct and independent
17 because they did not discover firsthand the information underlying their allegations of
18 fraud); United States v. New York Med. Coll., 252 F.3d 118, 121 (2d Cir. 2001) (a
19 relator is not an original source if "a third party is the source of the core information
20 upon which the qui tam complaint is based") (citation and internal quotation marks
21 omitted). The Court tentatively finds that Realtors allege gaining inside information
22 and personal knowledge of the allegations in this case from relative Ken Roberts, while
23 providing no other basis for knowledge to qualify as original source(s). Accordingly,
24 the Court is prepared to find that the Casadys have not demonstrated that they are
25 "original source(s)" of the information for their allegations, within the meaning of 31
26 U.S.C. § 3730(e)(4)(B), to exempt them from the public disclosure bar to this Court's
27 jurisdiction.
28

      Finally, the Court is prepared to find that the Second Amended Complaint also fails to meet the federal pleading requirement of stating allegations of fraud with particularity under Federal Rules of Civil Procedure 9(b). Although Realtors provide lengthy details regarding Defendants' actions leading up to the transactions between AIG and the government at issue, the Court tentatively finds that Realtors have failed to sufficiently allege a link between the alleged misconduct by Defendants and the actual submission of a false claim to the government. Accordingly, the Court tentatively GRANTS Defendants' motions to dismiss Realtors' SAC.

      Counsel are advised that the Court's rulings are tentative, and the Court will entertain additional argument at the hearing on March 21, 2014. The parties shall have a combined thirty (30) minutes to present their arguments. Realtors shall have fifteen (15) minutes, while AIG and the Counterparty Defendants shall share the remaining fifteen (15) minutes. Argument from the Counterparty Defendants is optional. Counsel shall be responsible for keeping time and reserving time as necessary for response, rebuttal, or both.

      **IT IS SO ORDERED.**

DATED: March 20, 2014

                                    HON. GONZALO P. CURIEL
                                    United States District Judge